IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BANK OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTA K. GAZA,<br><br>Defendant. | Superior Court Case No. <u>CV0092-15</u><br><br><br>**DECISION AND ORDER<br>RE<br>MOTION TO DISMISS** |

The Court here considers Defendant Krista K. Gaza's Motion to Dismiss for failure to prosecute. Having reviewed the parties' arguments and the applicable procedural rules and laws, the Court GRANTS the motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Bank of Guam ("BOG") filed the present action on February 5, 2015, seeking to collect on promissory notes on which Gaza allegedly defaulted in 2013. More than 180 days after the Complaint, BOG filed a Declaration of Non-Service indicating "unable to locate defendant," without further detail of its efforts to locate Gaza. Decl. Non-Service (Aug. 12, 2015). The case then stayed inactive until, almost four years later, the Court noticed a May 21, 2019 Status Hearing.[1] Not. Hearing (Feb. 26, 2019). BOG subsequently filed multiple amended complaints and summons. BOG accomplished service of the amended complaints on Gaza, Decl. Service (March 25, 2019), Decl. Service (May 7, 2019), Decl. Service (May 24, 2019), who filed an Answer and later, a Motion to Dismiss. As part of the briefing on the motion, the Court asked the

---

[1] The Court's record contains no evidence that a May 21, 2019 hearing occurred.

ORIGINAL



parties to address Guam Rule of Civil Procedure 4(m) concerning the dismissal of an untimely served complaint and summons. Order Permitting Further Briefing (Sept. 12, 2019).

## II.    LAW AND DISCUSSION

Gaza seeks dismissal of this action under Guam Rule of Civil Procedure 41(b), which allows dismissal based on a plaintiff's failure to prosecute. GRCP 41(b); Mot. Dismiss at 6-11 (Aug. 8, 2019). BOG does not dispute the case has been inactive for the past several years but contends that it had been diligent in prosecuting the case following the February 26, 2019 Notice of Hearing. Opp'n at 3 (Sept. 5, 2019). It further argues that failing to serve Gaza in 2015 is "not a reasonable basis to dismiss the case" because it has since cured its failure by properly serving Gaza, meaning "the Guam Judiciary time standards . . . can now begin." *Id.*

BOG's argument implicates Guam Rule of Civil Procedure 4(m). Rule 4(m) instructs the Court to dismiss an action without prejudice by its own initiative after notice to the plaintiff or upon motion if service of a summons and complaint is not made upon the defendant within 180 days after the filing of the complaint. If the plaintiff shows good cause for the failure, the Court may extend the time for service. *Id.*

BOG did not serve Gaza with its original complaint within 180 days--Gaza was finally served on the 1,508th day--but argues the Court granted it an extension to serve Gaza at the February 26, 2019 Notice of Hearing. Surreply at 4 (Sept. 30, 2019). The Court has no record of granting BOG that extension and without documentation, declines to rely on the bank's representation that it did so, especially in light of BOG's failure to demonstrate good cause at not serving Gaza within the 180 days timeframe.

However, the Court has the discretion to extend the time for service absent good cause. Fed. R. Civ. P. 4 advisory committee note, 1993 amendments, subdivision (m). Factors it

## ORIGINAL

considers include: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Soos v. Niagara Cty.*, 195 F. Supp. 3d 458, 467 (W.D.N.Y. 2016) (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)).

On the first factor, the Court recognizes that dismissing the case without prejudice would bar a refiled action. While the filing of a complaint tolls a statute of limitations, failure to complete service of the summons within 120 days as required by Rule 4(m) ends the tolling period, and the statute of limitations once again begins to run. *See Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (citing *Frasca v. United States*, 921 F.2d 450, 451 (2d Cir. 1990). BOG filed its breach of contract claim on February 5, 2015, and the applicable statute of limitations was tolled for 120 days until BOG could perfect service by August 4, 2015. When BOG failed to perfect service within that timeframe, the breach of contract's four-year statute of limitations began to run and its claim is now time-barred. *See also* Surreply at 3 (BOG advising that limitations period has expired).

Typically this factor would weigh in favor of BOG, but BOG's delay in serving Gaza verges on four years, for a promissory note default that occurred six years ago. "[D]elay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)). BOG's delay is egregious, and stands unexplained.

ORIGINAL

On the remaining factors, BOG does not show that Gaza had notice of the case or that she attempted to conceal a defect in service. A statement in the Declaration of Non-Service that BOG was unable to locate her in 2015 does not establish that Gaza acted to evade service. Finally, a failure to diligently prosecute creates a presumption of prejudice to Gaza. *See Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283 (9th Cir. 1970). Keeping these factors in mind, the Court declines to exercise its discretion and cure BOG's Rule 4(m) violation.

Finally, the Court addresses BOG's statement that the Court's time standards "can now begin." BOG is wrong. "Each matter's age shall begin on the date the case is first filed with the court." Adm. R. 13-003. Moreover, "There will be no delay in starting the case age clock during the initial stages of a case . . . ." Adm. R. 13-003. This language belies BOG's belief that the case age clock begins after the filing of pleadings. In addition, Administrative Rule No. 13-003 requires that 98% of civil cases be concluded within 18 months, with only "highly complex, multi-party cases that require a trial" being permitted more time for resolution. This case does not fall within the type of case that may exceed the 98% mark. Instead, it involves the collection of two promissory notes with total balances of around 43 thousand dollars along with interest that has accrued over three years while BOG did not act to serve the original complaint. This case now has aged three times over the allotted period of time for a case of its type under the administrative rule.

## III.    CONCLUSION

Because BOG has failed to demonstrate good cause for its failure to timely serve Gaza, the Court ORDERS the case be DISMISSED WITHOUT PREJUDICE pursuant to Guam Rules of Civil Procedure 4(m) and 41(b). A Judgment will follow this Decision and Order.

ORIGINAL

SO ORDERED this 5th day of November 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

...dge that a copy of the
...eto was placed in the
Berman

11/5/19    2pm
Time:

Deputy Clerk, Superior Court of Guam

Appearing Parties:
Daron J. Berman, Berman O'Connor & Mann, for Plaintiff Bank of Guam
Krista K. Gaza, *pro se*

ORIGINAL